Sewall, J.
The question arising out of the facts submitted to the decision of the Court in this case is, whether a pew in a meeting-house is real estate, and included in that description of prop erty, where a testator had devised to his wife all his real estate for life, with a remainder over, -and all his personal estate to be at her disposal; the controversy for the pew being between one who claims under the devise of the remainder, and one who claims under the legal representatives of the wife after her decease.
The terms real estate are not, as usually applied, a technical expression ; for estate, strictly speaking, expresses the title or interest that one hath in lands or tenements. But, in common parlance, the word estate, used with the words real and personal, has got tó signify all the subiects of property, and to be equivalent to the more technical expression of things real and personal. Blackstone says that things real are lands, tenements, and hereditaments; and, taking hereditaments as comprising every species of things real, or which may be inheritable, he considers these more distinctly, first, as [ * 325 ] corporeal, as lands and tenements ; and, * secondly, as incorporeal, as advowsons, rents, offices, &c., corporeal being substantial and permanent objects, and incorporeal a right issuing out of a thing corporate, (whether real or personal,) or concerning, or annexed to, or to be exercised within, the same. (1)
It may be proper to observe, however, that, in a gift, devise, or conveyance, the terms real estate comprise those lands and tenements, or rights in lands and tenements, in which the owner has the absolute estate, the legal seisin, which must be, as it respects the duration of his interest, at least a freehold estate. Thus a derise of all his real estate, without more words, will not carry the *325 terms for years in lands and tenements, which the testator has, at his decease, from the executor or administrator to the devisee; because terms for years in lands or tenements are regarded as contracts only affecting the estate, but not vesting it; the lessee having the term only, or the user for the time prescribed by his contract, but not the possession or seisin of the legal estate. (2)
In the case at bar, the question is of a pew in a meeting-house — a permanent subject of property, a corporeal thing. The .estator’s estate in it was absolute, and the pew is understood to have been vested in him as an inheritable property; that is, as an interest in the pew itself, unlimited in its duration. Now, whether this was a distinct property in the pew itself, or a right in the land on which the meeting-house was erected, as an interest in common with the other proprietors in the land and building, or a right in the pew and seat only, it is in either-case a hereditament; in the one case incorporeal, like a right of common in gross, or a perpetual rent-charge ; and in the other cases it is corporeal, whether an estate in severalty or in common. But, in whichever light considered, it is technically to be regarded among real things, and as real estate.
The decisions, which are said to have happened in the Probate Court, may have been in cases where a term for * years in a pew has been disposed of: But where the [ * 326 ] interest in a pew in a meeting-house is absolute in a man and his heirs, it must be regarded, in technical conformity, as a title in a thing real, and comprised in the term real estate. The mode of conveying, the diversity of usages and of apprehensions on the question, have no operation to vary the decision, there being no reference to these in the will; and the question being referred to us, as a question of the legal propriety of language, or the import of terms not strictly technical, but which have obtained a meaning determinable by legal analogy.
The demandant in this action derives his title under Abigail Neal, to whom the testator devised the remainder, (after the death of his wife, Jane Palmer,) of all his real estate, of which the demanded premises were a part, according to this opinion of the Court upon the question referred to them. The tenant is to be defaulted, and judgment is to be entered for the demandant. (3)
ADDITIONAL NOTE.
[See Price vs. The Methodist, &c., 4 Ohio, 539.—F. 11.]

 2 Black. Comm. c. 2, 3.

 2 Blade. Comm. c. 9.

 [By Stat. 1795, c. 53, § 1, all pews and rights in houses of public worship (except in Boston, by Stat. 1798, c. 49) are to be considered and deemed, in law, to be real estate; with a saving for titles theretofore considered or acquired as personal estate — § 9 provides for recording transfers of such pews and rights by the town clerk, instead of the county register. — Ed.]