# CASES

## ARGUED AND DETERMINED

### IN THE

# SUPERIOR COURT OF JUDICATURE.

—»»✇✇✇«««—

### ROCKINGHAM, FEBRUARY TERM, 1819.*

---

### JOSEPH MILLS *versus* JONATHAN PEIRCE.

A plea of *nul disseisin* impliedly admits that the tenant is in possession of the premises. If not in possession, he should disclaim or plead *non tenure ;* or if in possession, claiming less than a freehold, he should plead *non tenure special.*—The description of the premises, as "a store," bounded, &c. is sufficient.—[*Semble.*]

The title of the demandant cannot be aided by deeds executed to him from third persons after the commencement of his action. A store or house will pass to a creditor by an appraisal under an execution, and need not be sold at the post. A writ of entry is the proper remedy to recover possession of a store, set off on execution against a debtor, who, at the time of the extent, owned both the store and the soil beneath.

THIS was a writ of entry for "a certain store, situated in Deerfield." The bounds were duly described, and the demandant counted on his own seizen within twenty years.

The cause was tried here upon the general issue, at September term, A. D. 1818, when it appeared in evidence, that one *Carpenter*, in A. D. 1790, occupied, as owner, both the store and the land adjoining ; that the store alone was at that time set off to one *Williams*, by an execution of his against *Carpenter* ; that, by subsequent deeds, it had passed from *Williams* through various hands to the demandant ; that the land adjoining and beneath the store was, after A. D. 1790, conveyed by *Carpenter* to one *Rogers*, with an exception of "the right to remove the store reserved to *Williams ;*" and that,

---

* RICHARDSON, C. J. was absent during the whole Spring circuit, 1819, through indisposition.

Mills
*vs.*
Peirce.

after the commencement of this action, *Rogers* executed a deed of the land beneath the store to the demandant.

The tenant offered no testimony, except that he was in possession as a lessee for years; which being rejected, he opposed a recovery by the demandant on three grounds.

1st. The want of evidence, that the tenant was in possession, claiming a freehold.

2d. That the premises, as described in the writ, must be considered personal property, and consequently could not be recovered in this form of action.

3d. That if the premises were considered real property in consequence of the deed from Rogers, that deed was inadmissible in evidence, it having been executed after the commencement of this action.

A verdict was taken for the demandant, subject to the above exceptions.

*Sullivan* and *Joseph Bartlett*, counsel for the demandant.

*Hale*, for the tenant.

WOODBURY, J. delivered the opinion of the court.

1. It is an elementary rule in pleading, that all is admitted, which is not denied.—*Qui non negat, fatetur.* Loft's Maxims, 84.

The plea of *nul disseisin*, then, admits the tenant to be in possession of the premises, claiming a freehold; because such is virtually the allegation in the writ, and no part of the writ is denied by the plea, except the seizin of the demandant within twenty years. 4 *Mass. Rep.* 444.

If, in fact, at the commencement of the action, the tenant was not in possession, claiming any interest, he should have pleaded non tenure, or disclaimed: or, if in possession, claiming less than a freehold, he should have pleaded non tenure special. *Booth*, 28.—1 *Burr.* 114, 118.—*Bacon Ab. Plead.* J. 9. And notwithstanding some decisions in Massachusetts,(1) we see nothing in our statute on disclaimer,(2) or in our state of society, which requires such a deviation from the common law, as to hold either of these pleas to be pleas in bar.

(1) 3 Mass. R. 313.—13 Mass Rep. 441.*— Story's Plead. 355, note.

(2) 1 N. H. Laws 105.

---

* 1 Greenleaf's Rep. 30, Fosdick vs. Gooding, et al.

2. The second objection to the verdict rests on the hypothesis, that nothing, which can be considered in the nature of real estate, is described in the writ.

But such an objection can properly be taken only by demurrer, or by a motion in arrest of judgment.

As the motion in arrest, however, can still be made, we would suggest for the consideration of counsel, that, in the following cases, writs of ejectment, though recited in the imperfect manner which characterises many ancient reports, seem to have described " a house," (*Cr. Ja.* 654) ; " a chamber," (3 *Leon.* 210) ; " a part of a house," (*Cro. El.* 286) ; " the vestry in D." (3 *Leon.* 96) ; " a warehouse," (*Cro. Ch.* 555) ; " a stable," (1 *Lev.* 58) ; and even " a shop," (48 *Edw.* 3*d, pl.* 4*th,*)—without any specific reference to the soil beneath. Vid. etiam. *Strange,* 695.—4 *Coke,* 87. Though *Co. Litt.* 566, " a *precipe* lieth not *de domo,* but *de messuagio.*'

3. The third objection is so far well founded, that the title of the demandant must be considered as it existed at the commencement of the action ; and the principles, on which this rule rests, as well as the exceptions to it, need not here be repeated from numerous authorities. 1 *Chit. Pl.* 530.— 3 *D. & E.* 186.—4 *East,* 502.—3 *John. Cases,* 145, 154.—15 *Mass. Rep.* 310.—13 *Mass. Rep.* 472.—*Parker vs. Colcord, Chesh. May,* 1819, *post.*—*Chipman's Rep.* 13, *Stedman vs. Putney.*

How far a tenant can avail himself of such a title, or of an outstanding title, is a different question, and one which does not arise in this case. For at the commencement of the present action, without the deed from *Rogers,* the demandant possessed such an interest in the premises, as, in our opinion, would enable him to bring a writ of entry to gain possession of them.

It is not necessary to hold, that, by a liberal construction of the extent, the soil beneath the store passed at the same time with the store itself. It suffices, if the store alone passed, and can be considered the subject of a real action. The language of the extent, at least, *attempts* to convey the store ; the debtor afterwards disclaimed any interest in it, and when

conveying the soil to *Rogers*, reserved to the creditor a right to remove the store.

It has long been held in this state that houses and other permanent buildings so far partake of the realty, that they will pass by the extent of an execution by appraisal, and need not be sold at the post.

The general principle, that the owner of the soil owns all *ad cœlum*, is not always to be construed in a literal sense.— Loose articles, resting on the soil and having no physical connection with it, are never his *ex necessitate;* and even fixtures sometimes fail to become his in consequence of their having been sold to other persons by former owners. It is not unusual, also, for the proprietor of the soil to convey its growing grass, corn or timber: and it is well settled, that the purchaser of such articles, until severed, can protect them by actions, which savor of the realty. 6 *East* 602, *Crosby vs. Wadsworth.*—4 *Coke* 62, *Herlakenden's case.*—1 *D. & E.* 703.—11 *East* 362.—2 *Taunt.* 38.—2 *Bos. et Pul.* 452.—2 *Maule & Selw.* 205.

Thus, too, one person may own the lower apartments in a house; and another person, the chambers. "We know," says Ashurst J. "that in London different persons have dif-"ferent freeholds over the same spot." 1 *D. & E.* 703, *Doe vs. Burt.* Vid. etiam. 4 *Mass. Rep.* 575, 576. And, for injuries to either, real actions can be sustained. 4 *Cruise's Dig.* 344.—8 *Mass. Rep.* 418.

So *A.* may have an interest in mines beneath the surface of the soil; while *B.* owns the surface and its crops; and the estate of both equally partakes of the realty. 1 *W. Bl.* 482, *Harker vs. Birbeck.*

At the same time, we are fully aware, that, as between landlord and tenant, or between administrators and heirs, machinery within buildings, and even buildings themselves, when erected for temporary purposes, may be deemed personal estate. *Shep. T.* 90.—*Bull. N. P.* 34.—*Burr.* 1824. —3 *Es. Ca.* 11.—2 *East* 88.—1 *Hen. Bl.* 259, *Lawton, Ex. vs. Salmon.*—3 *Atk.* 13, *Lawton vs. Lawton.*

But, as between other parties, the same kind of property is frequently held to be real estate. It possesses all the in-

cidents of real estate; and the better opinion unquestionably is, that, if erected even for permanent purposes, by a stranger, and with the consent of the owner of the soil, the stranger retains an interest in the buildings, which may be protected by a real action. 8 *Mass. Rep.* 411.—11 *Mass. Rep.* 347.—14 *Mass. Rep.* 263.—*Just. Inst. b.* 2, *t.* 1, *s.* 30.—14 *John. Rep.* 21.—3 *ditto* 468, 470.*

The present case is still stronger. The store was erected by the person himself who owned the soil; it was permanently annexed to the soil; it had never been severed or removed from it; and consequently, in our opinion, gave the purchaser of it all the rights and remedies, which a purchaser of chambers in a house, or of trees and grass growing on land, would acquire for their protection. *Cro. El.* 421, *Welder vs. Bridgewater.*—*Co. Litt.* 4, 5, 53*a.*—3 *East* 38, *Elves vs. Maa.*—3 *Bl. Com.* 210.—2 *Gallis.* 144.—4 *Mass. Rep.* 266, *Clapp vs. Draper.*—10 *Mass. Rep.* 325, *Bates vs. Sparrel.*—4 *D. & E.* 567, 671.—2 *D. & E.* 451.—1 *Chitt. Pl.* 173.—*Fitz. Nat. Br.* 2d *page.*†

<div align="center">

*Let judgment be entered on the verdict.*

---

* 1 Greenl. Rep. 117, Riker et al. *vs.* Kelly et al.
† 1 Broderick & Bingham 506, Steward *vs.* Lombe.