## GOODALL *vs.* ROWELL.

A sale of a right in equity of redeeming real estate mortgaged, under the statute of July 3d, 1822, making provision for such sales on execution, is a sale of the right of the debtor, as existing at the time of the sale, connected with the prior attachment, (if there has been one,) and relating back, and excluding subsequent transfers by virtue of the lien. To carry such a sale into effect, and vest the title, it is not necessary that the sheriff's deed should contain a reference to the time of the attachment.

G., having attached R.'s right to redeem certain real estate, afterwards obtained judgment, sold said right on execution, and became himself the purchaser. G. subsequently sued out his writ of entry against R. to recover the premises.— *Held*, that R. could not defend himself against the demandant's title under the sheriff's deed, by shewing that he was in as tenant of a third person, who, after the commencement of the real action, had acquired the mortgagee's title, and taken possession under the mortgage.

WRIT OF ENTRY, to recover the homestead and farm formerly belonging to the tenant; submitted to the determination of the court upon a statement of facts.

On the 5th day of January, 1842, the present demandant caused the tenant's right in equity in the demanded premises to be attached, and duly entered his action, and obtained judgment at the September term of the court of common pleas, 1842.

Within thirty days from the rendition of said judgment, he de-livered the execution to the officer who made the attachment, and who duly sold the said right in equity, and gave him a deed pur-porting to convey " all the right in equity which the said Rowell had of redeeming all that part of his home farm situated in said Haverhill, bounded, &c., by Bath line northerly, and by the out-lines of said farm on the other sides, being John L. Woods' lands, and the King or Little farm. Also, all the right and title in equity which the said Rowell had of redeeming any and all lands in said Haverhill." The deed was in conformity with the statute in all other parts than that quoted.

The demandant avers that since the commencement of this ac-tion, and after the assignment of the mortgage hereinafter men-tioned, the said officer has given to him a deed of all the right in equity which the tenant had January 5th, 1842. This the tenant denies. If the court consider that the fact would make any dif-ference, there is to be a trial.

January 6, 1842, the tenant mortgaged the said farm to Hutch-ins and Buchanan, which mortgage is still in force. Prior to Jan-uary 5, 1842, the tenant mortgaged the said farm to A. S. Woods. This mortgage is also in force, and, since the commencement of this action, has been duly assigned to said Hutchins and Buchan-an. March 2, 1842, Hutchins and Buchanan took possession of the farm under the mortgage to them, and the tenant remained in possession in their right until the mortgage to A. S. Woods was assigned to them. Upon the assignment of this mortgage, they again took possession under it, but allowed the tenant thereafter to continue upon the farm in their right, as their tenant.

*Morrison*, for the demandant. It is agreed that the sale was regular, but did the deed convey the equity ? *N. H. Laws* (*Ed.* 1830,) 105, 106. The 6th section, p. 106, enacts that the offi-cer shall " make and execute a good and sufficient deed of such right in equity," and gives the form of the deed. This deed is made in that form, and is, therefore, sufficient.

What does the deed convey ? Clearly not a present interest merely ; it must relate back to some time. What is that time ?

Goodall *v.* Rowell.

We think to the time the lien attached. On a levy upon real estate, the appraisers are sworn to appraise such lands as shall be shown to them; but yet the levy relates back. 3 *Met.* 84, *White* vs. *Whitney.* So as to a sale of an equity of redemption.

Even now it is the right and duty of the sheriff to give a new deed, which shall be good and sufficient if this one is not. No third persons have acquired intervening rights.

The defence grounded on the mortgages can not be set up except under the plea of *non tenure special.* *Stearns on Real Actions* 207; 2 *N. H. Rep.* 9; 17 *Pick.* 441. At common law, and in this State, *non tenure* can be pleaded only in abatement; and this court will not decide questions of abatement on a case stated. 5 *N. H. Rep.* 222; 9 *N. H. Rep.* 394. In this case the tenant has not acquired anything which he could plead in bar; whatever he has, he can plead only in abatement.

*Hibbard,* for the tenant. I. We first consider the validity of the deed; we say it conveys nothing, but is void for ambiguity. It conveys "all the right in equity which the said Rowell had," but specifies no time when he "*had*" it. It does not express any meaning, but is altogether uncertain. See 2 *Black. Com.* 298; 4 *Kent* 469; 4 *Mass.* 205; 1 *N. H. Rep.* 93.

The deed of the sheriff, being the deed of a public officer, is to be construed most favorably for the grantor. 1 *N. H. Rep.* 93; *Bacon Abr.*, " *Grant,*" *H.* 3; 2 *Black.* 347.

The ambiguity is one which cannot be explained by parol. 1 *Stark.* 440; 2 *Stark.* 551; 2 *Kent* 554, 556. If the demandant can resort to extrinsic evidence, it may be referred to one time as well as another. There is nothing in the deed to guide or limit such evidence. Had the deed said " all said Rowell's right," &c., at the time of attachment, perhaps the time might be shown. *Greenl. Ev.* 351–354; 2 *Starkie* 556; 4 *N. H. Rep.* 23.

The statute can not help the case. The statute did not intend to leave it without defining the time at which the debtor had the interest which is sold.

If the deed is void, this demandant's claim is defeated. If it

has any effect, it can be only from the rendition of the judgment, or the date of the deed. 2 *Stark.* 551.

II. If the foregoing propositions do not settle the case, the court will consider the effect of the assignment of the mortgage from Judge Woods. And we do not think this matter should have been pleaded in abatement. The tenant is in under that title, and in virtue of that title may defend. This case is to be distinguished from *Bailey* vs. *March*, 3 *N. H. Rep.* 274, in the question of costs, because there the tenant had acquired title to a moiety only; here the defence goes to the whole. If it be necessary to plead it in abatement, we suppose the court will give the tenant leave to file a plea.

PARKER, C. J.* The deed of the sheriff is in conformity with the statute, so far as that furnishes the particular form. But the blank which is left in the statute might be filled by a reference to the time of the attachment. The question is whether it is necessary it should be so. We are of opinion that it is not. In a levy upon real estate, no reference is had to the time of the attachment. The levy is made as of that time. The value is appraised as of that time. If there has been an increase in value, the debtor has the benefit. If a loss, it is his loss. But the attachment constituted a lien, and the title relates back to the time of the attachment, binding the property from that time, so as to exclude intermediate transfers and incumbrances.

So in a sale of an equity. The sale gives a title from the time when it is made. It is not the right of the debtor at the time of the attachment which is sold. If he has paid the mortgage which existed at the time of the attachment, there can be no sale, but the creditor must levy. If he has paid part, a sale is made, but the purchaser may redeem on paying the residue, not what was due at the attachment. The sale therefore is not of the right to redeem, as that right existed at the time of the attachment. Nor is it in fact of the right as it existed in the debtor at the time of the sale, for he may have made other mortgages or conveyed all his title. But it is a sale of the right of

* WOODS, J. did not sit in this case.

Goodall *v.* Rowell.

the debtor as then existing, connected with the attachment, relating back and excluding subsequent transfers by virtue of the lien. This is the precise nature of it. But it is no more necessary to refer to this relation back in a deed of the equity, than it is in a levy.

If the sale was right, the deed is well enough. If there was any fraud in the sale, as by concealing the attachment and the relation back, that would make another case.

The general clause in the deed is void. It is understood the demandant does not claim under that.

The title acquired by Hutchins & Buchanan, by the transfer to them of the mortgage from the debtor to Judge Woods, since the commencement of the action, cannot alter the case. If it had been to the tenant himself, it might perhaps have defeated the suit; *sed quære?* and see *Bailey* vs. *March*, 3 *N. H. Rep.* 274. The tenant cannot defend himself under it. It will not disprove the demandant's seizin under his deed from the sheriff. The mortgagee does not appear to have been in possession up to the time of the assignment.

The tenant might have pleaded *special non tenure* at the first term. If the agreed case were *discharged*, he could now have no other plea which would be effectual, and it is too late to avail himself of that. Besides, the assignment of the mortgage does not change that defence. 17 *Pick.* 438, *Mechanic's Bank* vs. *Williams;* 7 *Mass.* 381, *Pray* vs. *Pierce;* 4 *Mass.* 443, *Kelleran* vs. *Brown;* 2 *N. H. Rep.* 9, *Mills* vs. *Peirce.*

*Judgment for the plaintiff.*