EDITH B. HIGGINS *v.* CARROLL.

*Coulombe & Coulombe* and *Ira W. Thayer (Mr. Norman J. Coulombe* orally), for the plaintiff.

*Edgar M. Bowker* and *Edmund Sullivan (Mr. Bowker* orally), for the defendant.

ALLEN, J.   To support the motion for a directed verdict the plaintiff's own causal fault and the physical impossibility that the accident occurred in the manner her testimony described are claimed to be definitely proved.

By her version, she stopped her automobile at the side of the road and near the edge of an unrailed embankment.   The roadway had a tarvia covering 18 feet wide with a space of a few feet between the tarvia and the bank.   The ground in this space was of soft construction and while the car was stopped its weight broke the construction down.   No negligence as a matter of law in the plaintiff's subsequent conduct is argued, but the point is taken that in driving so close to the bank and stopping there she took needless chances.

It appeared safe to turn off from the tarvia, the plaintiff had no notice of the soft construction, and the space between the tarvia and the bank was open, level with the tarvia roadway and apparently designed for turning out as occasion might require.   The lack of a railing was some indication that one was not needed, and that one might safely drive close to the bank.   If the plaintiff did not need to drive so near it as she did, she was not necessarily careless.   More care than was required in getting out of the way of possible travel while she stopped does not demonstrate too little care in turning out so far. She was far from being definitely at fault for her ignorance of the danger of the space as a place for stopping.   In not seeking disclosure of it and whether she took a careless risk in stopping where she did, were issues for the jury.

The defendant takes the view that the plaintiff was inattentive to her driving and that her car was not stopped but got off the roadway and went down the embankment on a slant.   The impossibility of

the accident occurring according to the plaintiff's version is claimed on the grounds that the car could not have gone straight down the bank from a stationary position without overturning, that there was a failure of traction preventing the car from being started under power, and that deep wheel tracks down the slope of the bank would have been made by a direct descent.

The testimony about tracks according with the defendant's view of the manner of the accident was for the jury's acceptance or rejection. Since the evidence of tracks does not show conclusively what tracks there were, it has no conclusive bearing to show how the accident happened. Assuming there were no deep tracks, yet the car went down the embankment in some manner. That the descent in the manner claimed by the defendant might have made no such tracks while the descent claimed by the plaintiff must have made them, is not so clearly a physical necessity that it must be given adoptioñ as a matter of law. To the ordinary mind one course seems about as productive of tracks as the other.

By the plaintiff's testimony, when she stopped her car the front wheels were turned to the left. On feeling the rear right wheel settling and the ground giving way she turned the front wheels sharply to the right and applied the power. If the car could not be started under power because traction failed, the turning of the front wheels near the edge of the bank may be found to have caused some breakdown of the bank beneath them and thus to have given momentum sufficient to start the car in the direction it faced. The weakness of the bank to an extent making it easily give way was in evidence and the car once started would gain rapidly increasing headway in its descent of the 30° slope of the bank. A forward course of the car in the direction it faced is therefore within the range of probability.

The car struck a rock which was about 10 feet from the edge of the bank. It is obvious that the car could not be turned before it left the road at a full right angle and to directly face the rock. The course from the road to the rock must have been at some acute angle with the side of the road. The plaintiff did not definitely testify to the contrary. She "whirled" the wheels to the right, the "car went . . . straight ahead," and she "dropped hard on that . . . rock." But that it went down the bank directly facing its foot rather than on some slant, is not the necessary import of her testimony, and she is not to be held to such a meaning of it. It was the jury's province to construe it. In the descent of the car down the slope on some slant, the danger of its overturn seems greater under the defendant's view of the evidence

than under the plaintiff's. By the former view the car descended the slope at a more acute angle and more lengthwise with the edge of the bank than by the latter. The more the car faced the slope head on, the less the shift of its center of gravity and the better its chance to remain upright.

The plaintiff's explanation of the accident is deemed consistent with the operation of natural forces.

The defendant excepted to the evidence of an expert's opinion that the embankment was improperly constructed because it contained too much soft material and that it reasonably needed to be railed. Since the decision in *Davis* v. *Railroad*, 75 N. H. 467, opinion evidence thought to be of aid to the jury, even directly upon a main issue, is admissible. Although the expert did not examine the embankment until a year after the accident, other witnesses testified to no changes during the year except of minor improvement. Their testimony warranted a finding that the expert examined conditions substantially the same as those at the time of the accident, and there was therefore evidence of the facts from which the opinion was drawn. *Rix* v. *Rix*, 85 N. H. 529, 530.

On the point that the legal defect arises from the unsupplied need of a sufficient railing, evidence of the unsuitable condition of the embankment tends to show the need. Whether the evidence comes from experts or others is without significance. The court's instructions to the jury are to be deemed correct and sufficient in the absence of exception thereto, and it is not to be assumed that the evidence was considered in an improper way.

Whether there may be liability for a dangerous embankment which is suitably railed, is an inquiry not here presented.

Upon the exception to argument relating to the town's withholding of evidence, a collateral issue arose during the trial of the extent to which repairs were needed and made. The size of the hole or break in the bank caused by the accident was of bearing in showing the manner of the accident. A large break tended to confirm the plaintiff's testimony about the manner.

The argument asserted in substance that the town had a sizable pile of gravel taken to the bank to fill the break and did not produce as a witness the workman who drew it. There was evidence that gravel was drawn to fill the hole. As the town had the work done, it was fair to infer that it knew who did it. There is a general probability that an employer knows who his workmen are and what work they do. Special circumstances which may overcome the probability

are not shown. The claim that the argument charged concealment of the evidence is not sustained by a proper construction of the argument. All it asserted was that the workman's absence from the trial showed that he drew the gravel, for otherwise he would have been on hand to testify that he did not draw it, and that therefore the town did not desire to have him testify. However illogical the proposition that proof of an act may be made out by the actor's failure to deny that he did it, the argument made no averment of suppressing evidence. It is not suggested that the argument thus construed was improper if it drew no conclusions unwarranted by the evidence.

Other exceptions to argument claim repeated erroneous statements of the town's liability. They improperly asserted a general duty to make the road suitable for travel, failure to perform which imposed liability. Assuming that the court sanctioned the argument by noting the exceptions (*Salvas* v. *Cantin*, 85 N. H. 489, 491), yet it was irrelevant in respect to the issues decided and hence harmless. *Newmarket Iron Foundry* v. *Harvey*, 23 N. H. 395, 407; *Janvrin* v. *Fogg*, 49 N. H. 340, 355; *Blodgett* v. *Company*, 52 N. H. 215, 218. No evidence of the failure of duty except in relation to the embankment and need of a railing was before the jury. These matters were tested by the inquiry if the road was suitable in respect to them. No other features relating to suitability were under consideration since there was no evidence about them. The statements applied to the issue presented. That they were wrongly said to be applicable to issues not in the case, gives no reasonable ground for holding that the verdict thereby may have resulted. So far as the statements related to an unconsidered matter, they also were presumably unconsidered.

*Judgment on the verdict.*

WOODBURY, J., did not sit: the others concurred.