Merrimack,
May 2, 1939. } No. 3052.

KATHERINE E. CUTLER *v.* ARTHUR G. YOUNG *& a.*

EDWARD M. CUTLER *v.* SAME.

WILLIAM M. CUTLER *v.* SAME.

JAMES E. CRYANS *v.* SAME.

204

*Arthur E. Sewall* and *Udell Bramson* (of Maine), for the plaintiffs, furnished no brief.

*Murchie, Murchie & Blandin* (*Mr. Alexander Murchie* orally), for the defendants.

BRANCH, J.   In the absence of a brief for the plaintiffs, we have no means of knowing upon which of their exceptions reliance is placed. The whole record has been carefully examined, however, and such exceptions as might be thought to have a substantial basis are hereinafter considered.

The exceptions to the denial of the motions for directed verdicts in favor of the plaintiffs, except so far as they may have rested upon the alleged invalidity of Young's license, which is hereinafter considered, do not merit extended consideration.   There was a sharp conflict in the testimony as to the conduct of both drivers and the questions of the defendants' fault and the contributory negligence of the other driver, were obviously for the jury.

A daughter of the plaintiff Katherine E. Cutler, testifying as to the extent of her mother's injuries, stated that "she had a little more courage at one time than she has now."   Subject to the plaintiffs' exception the court ordered that this testimony be stricken from the record.   The basis for this ruling is not stated and it appears to be erroneous.   Obviously, however, the witness' statement had reference only to the question of damages and the verdict in favor of the defendants indicates that the jury never reached this question.   The error, if any, must therefore be regarded as harmless and the exception is overruled.

During the cross-examination of one Courtemarche, a witness called by the plaintiffs, reference was made to a statement given by him three days after the accident. Thereafter the plaintiffs offered to show that the statement referred to was made to an agent of the insurance company which insured the defendant's car. This offer of proof was rejected and the plaintiffs excepted. The ruling was correct and the exception is overruled. "The correct procedure is to exclude all reference to insurance at these trials." *Piechuck* v. *Magusiak*, 82 N. H. 429, 431.

Plaintiffs' other exceptions to the admission of evidence appear to be without merit and do not invite specific statement or discussion.

During the argument of defendants' counsel to the jury the following occurred: "*Mr. Murchie:* Why are they suing Mr. Young? I will tell you why. William Cutler was his mother's agent; he was driving her car on her errand; for his negligence she is responsible; his negligence as a matter of law in this case is her own negligence and the court will so charge you. She cannot sue him . . . . For his negligence she is responsible under the law and therefore she cannot sue her own agent and that is why they are down here from Berlin trying to get money from Mr. Young. *Mr. Colby:* I object and except to that argument. *The Court:* Exception noted." Counsel for the defendants do not now attempt to defend the foregoing argument as a correct statement of the law, but it does not follow that the exception to its allowance must be sustained. Assuming that the court sanctioned the argument by noting the exception thereto, "yet it was irrelevant in respect to the issues decided and hence harmless." *Higgins* v. *Carroll*, 86 N. H. 312, 316 and cases cited. For this reason the exception is overruled.

Plaintiffs' other exceptions taken during the argument of defendants' counsel have been examined but appear to be without merit and are therefore overruled.

It appeared in evidence that although the defendant Young held a New Hampshire license to operate motor vehicles, he had not at the time of the accident indorsed his signature on the margin of the license as provided by P. L., c. 101, s. 6. With reference to this fact the plaintiffs requested the court to charge the jury that "his license was not valid" and that "the defendant Young was a wrongdoer and guilty of the causal violation of a statute and the plaintiffs in these actions are entitled to recover, unless you further find that the plaintiff William Cutler was guilty of contributory negligence which caused or contributed to cause the plaintiffs' injuries." This request

was denied and the court charged the jury in accordance with defendants' request number 2, as follows: "The failure of Mr. Young to indorse his signature on the margin of his license is not such statutory violation that the plaintiffs can take advantage of it in this proceeding." We think that this instruction was correct and the plaintiffs' exception to the denial of their request must therefore be overruled.

By this request the plaintiffs obviously sought to secure an extension of the rule laid down in *Johnson* v. *Railroad*, 83 N. H. 350. We have in other cases had occasion to indicate our belief that "the *Johnson* case goes to the verge of the law." *Bowdler* v. *Company*, *ante*, 68; and we are not disposed to give it further extension. None of the reasons which were relied upon in the *Johnson* case in support of the conclusion that the violation of the statute was causal are present here. In this case the defendant had "taken the prescribed method to establish his fitness in advance," (*Johnson* v. *Railroad*, *supra*, 360) and had been found qualified by the proper authority to operate motor vehicles on the highways of this state. His failure to write his name upon the piece of paper which evidenced this finding, was without significance as to his qualifications and cannot be found to have been any part of the legal cause of the collision.

The plaintiffs also requested the court to charge the jury with reference to that portion of the law of the road which provides that "If a person traveling on a highway with a vehicle is informed that another person traveling in like manner in the same direction desires to pass him, he shall turn to the right of the center of the traveled part of the road, if there is sufficient room on that side to enable him to do so with safety, and shall not wilfully obstruct the passage of the rear team or vehicle upon the other side of the road." P. L., c. 90, s. 2. The testimony in this case failed to disclose a situation to which the above statute was applicable and the plaintiffs' request was therefore properly denied.

The plaintiffs seasonably requested the court to charge the jury with reference to the rule of conduct in an emergency. The substance of this request was embodied in the charge, coupled with a qualification requested by the defendant that if the emergency was caused by the negligence of William M. Cutler then neither he nor his mother could recover. The qualification was, of course, necessary to a complete statement of the emergency doctrine. *Frost* v. *Stevens*, 88 N. H. 164. The charge upon this point was correct and the plaintiffs' exception to the granting of defendants' request is, therefore, overruled.

Plaintiffs' requests regarding the effect of the speed statute were covered in substance by the charge in a form equally favorable to the plaintiffs.

Plaintiffs' request number 3 was as follows: "If you find that the sole cause of this accident was Young's attempt to cross to the left side of the road without first ascertaining whether or not the Cutler car was attempting to pass him, you must return a verdict for the plaintiffs." This request obviously rested upon the assumption that Young knew that the Cutler car was behind him and might be attempting to pass at the time when he turned to the left. This assumption finds no support in the evidence and for this reason the request, if otherwise sound, was properly denied.

In summary, it may be said that a careful examination of the record discloses no reason for disturbing the conclusions of the jury and many reasons why they should be sustained.

*Judgments on the verdicts.*

All concurred.