Municipal Court of Manchester, Nov. 6, 1946. } No. 3606.

GRACE M. WILDER *v.* VERNE KNEELAND.

*Maurice A. Broderick*, for the plaintiff, filed no brief.

*Wyman, Starr, Booth, Wadleigh & Langdell* (by brief), for the defendant.

MARBLE, C. J. The defendant claims a right of appeal to the Superior Court by virtue of the provisions of chapter 413 of the Revised Laws entitled "Actions against Tenants." Section 20 of this chapter, which had its inception in section 17, chapter 209, of the Revised Statutes (see also Laws 1831, *c*. 29, *s*. 2; 10 N. H. Laws 230), provides that a party aggrieved by the judgment of a justice or municipal court, upon issue joined in an action brought under the chapter, "may, within two hours after the rendition of judgment, appeal therefrom."

The plaintiff contends that the defendant has no right of appeal in the present case, since section 20 of chapter 377 of the Revised Laws provides that in municipal courts located in cities and towns having a population of fifteen hundred or more the finding of facts shall be final.

This contention is without merit. Section 18 of chapter 377 confers upon municipal courts in cities the size of Manchester concurrent jurisdiction with the Superior Court "of civil causes in which the damages demanded do not exceed five hundred dollars" and "the title to real estate is not involved." Section 19 provides that if the defendant, "upon entry of any action in which he has a constitutional right to trial by jury," shall file a written request for such trial, the cause shall be at once transferred to the Superior Court to be there tried as if originally entered therein.

Section 20 of chapter 377, establishing the finality of the judge's finding of facts, is not to be severed from its context and has reference obviously to civil causes in which damages are demanded. An action against a tenant brought under the provisions of chapter 413 is not such a cause but is a summary proceeding to recover possession of real estate. Section 19 of chapter 377, allowing a transfer to the Superior Court, is inapplicable, since the right to a jury trial on appeal in landlord and tenant cases is a statutory right (R. L., *c*. 413, *s*. 23) and not a constitutional one (31 Am. Jur. 569, 570). No landlord and tenant act existed in this State before the adoption of the

Constitution, and the forcible entry and detainer acts (2 N. H. Laws 134; 5 N. H. Laws 714) referred to in the case of *Perkins* v. *Towle*, 58 N. H. 425, were in the nature of criminal prosecutions. See 2 Taylor, L. & T. (9th *ed.*), 337, 338.

It is thus apparent that the statutory sections under consideration are not inconsistent. Chapter 377 had its source in chapter 30 of the Laws of 1915 ("an act establishing muncipal courts and abolishing existing police courts"), and section 15 of that act provides that "all laws heretofore enacted not inconsistent with this act and relating to police courts, their jurisdiction and procedure, and to the powers of justices thereof and their tenure of office, are hereby made applicable to municipal courts hereby established."

Although the commissioners did not incorporate this section verbatim in the revision of 1925, they gave effect to its provisions, so far as appeals were concerned, by inserting what is now section 22 of chapter 377 of the Revised Laws, which reads as follows: "Except as herein otherwise provided, appeals may be taken from judgments of municipal courts in the same manner and upon the same conditions as from justices of the peace."

The question transferred is answered in the affirmative.

*Case discharged.*

All concurred.