Municipal Court of Keene,
Mar. 4, 1947. } No. 3641.

BERNARD E. DAVIS *v.* MAURICE R. OLMSTEAD.

*Arwe & Arwe*, for the plaintiff.

*Howard B. Lane*, for the defendant, filed no brief.

JOHNSTON, J. A preliminary question arises as to whether the question of law that is the basis of the plaintiff's exception is properly before this court. In *Wilder* v. *Kneeland, ante,* 185, it was held that a party aggrieved by the judgment of a municipal court upon issue joined in an action under the landlord and tenant act (R. L., *c.* 413) may appeal to the Superior Court. Section 20 of chapter 377 of the Revised Laws was deemed not to include such findings of fact as final within its meaning. In the present case the findings of fact adopted by the Municipal Court have been agreed to by the parties. There is no occasion for an appeal to the Superior Court for a further determination of facts. The finding of facts made is final within the meaning of said section 20 of chapter 377. Only a question of law remains undecided, and that was properly transferred.

The order of judgment for the defendant was erroneous. Section 9 of chapter 413 relates only to rent due under a written lease. It is as follows: "No forfeiture shall be incurred for non-payment of rent if the lessee before the expiration of the notice shall pay or tender to the lessor all rent in arrears, together with five dollars as damages and costs occasioned by his default." The language is first found in section 1 of chapter 57 of the Laws of 1905. This section was in amendment of section 4 of chapter 246 of the Public Statutes, which provides for notice to quit in case of a violation of the condition of a written lease. The amending section 1 also by its express terms is confined to provisions in case of "a violation of the condition of a written lease." In the Public Laws the language of said amending section 1 becomes divided into four sections, the first of which has the words relating to the condition of a written lease and is section 6 of chapter 357 of the Public Laws; the second of which is section 7 and has a change of language of no significance for the purposes of the present question and the fourth of which is section 9 and is in the exact language of R. L., *c.* 413, *s.* 9 and of the last portion of said amending section 1 of Laws of 1905, *c.* 57. Each of sections 7, 8 and 9 of chapter 357 of the Public Laws begins with a long dash after the section number indicating that each relates to the same subject matter as section 6; namely, violation of the condition of a written lease. The fact that these dashes are left out in the Revised Laws is without significance.

Statutes, if they are ambiguous, should be construed reasonably. The purpose of section 9 of chapter 413 of the Revised Laws is undoubtedly to prevent harsh forfeitures of valuable rights under written leases. The Legislature did not intend to extend the benefits

of this section to a tenant at will so that he could avoid a seven days' notice and force a notice equal to the rent period or at the most three months' notice.

*Judgment for the plaintiff as of August 21, 1946.*

All concurred.