Nashua District Court
No. 6952

LEO LAVOIE & *a.*

v.

PAUL SZUMIEZ, JR.

May 30, 1975

*Guertin & Widener* filed no brief for the plaintiffs, Leo and Lorraine Lavoie.

New Hampshire Legal Assistance, *Laura J. Kahn,* attorney, and *Stephen E. Kravit* (appearing under Rule 23) *(Ms. Kahn* orally) for the defendant.

LAMPRON, J. Action under RSA ch. 540 by the landlord against a tenant at will to recover possession of certain premises in Nashua for nonpayment of rent. Upon defendant's default, the District Court *(Harkaway,* J.) ordered a writ of possession to issue and awarded damages to the plaintiffs in the

amount of $240. The defendant filed a motion to vacate the money judgment which was denied. The court under RSA 502-A:17-a (Supp. 1973) transferred to this court all questions of law raised by defendant's exception.

Prior to the adoption of the predecessor to RSA ch. 540, that is, R.S. ch. 209 (1843), ejectment was the usual common law action by which an owner recovered possession of his premises. This is a purely possessory action which can be the subject of technical rules of pleading and of proof. 25 Am. Jur. 2d *Ejectment* § 1 (1966); *see Mills v. Peirce,* 2 N.H. 9 (1819). In order to simplify and facilitate the landlord's recovery of possession of his premises, statutory summary possessory actions which lie in municipal or district courts were authorized. Such a statute is not to be construed as making any change in the possessory nature of the action unless such an intention is clearly indicated by its terms. *Marsh v. Hanover,* 113 N.H. 667, 671-72, 313 A.2d 411, 414 (1973). Since these statutes establish rights and benefits which a landlord did not enjoy at common law, strict compliance with their terms is required. 3 J. Sutherland, Statutory Construction § 61.01 (4th ed. C. Sands 1974).

RSA 540:14 reads as follows: "Judgment. If the defendant makes default, or if on trial it is considered by the court that the plaintiff has sustained his complaint, judgment shall be rendered that the plaintiff recover possession of the demanded premises and costs, and a writ of possession shall issue." It is to be noted that an award of damages to the plaintiff is not authorized. Such an action is not a civil cause for damages "but is a summary proceeding to recover possession of real estate." *Wilder v. Kneeland,* 94 N.H. 185, 186, 49 A.2d 506, 507 (1946).

RSA 540:23 provides that if a defendant files a plea of title or appeals, the court shall cause plaintiff's damages including a just compensation for the use and detention of the property or for any injury thereto "to be assessed by a jury or otherwise." This provision pertains to proceedings in the superior court on a plea of title or an appeal from the district court. RSA 540:17-22. The transfer to this court by the district court of defendant's exception to a ruling by it is not such a proceeding. *Davis v. Olmstead,* 94 N.H. 289, 51 A.2d 835 (1947).

As there is no provision in RSA ch. 540 authorizing the district court to award damages under the circumstances of this case, defendant's motion in that court to vacate such a judg-

ment by it should have been granted. *See Smith v. Sampson,* 114 N.H. 638, 641, 325 A.2d 796, 798 (1974).

*Exception sustained.*

All concurred.