Hillsborough
No. 83-183

ROBERT G. JOHNSTON

v.

FLATLEY REALTY INVESTORS

July 2, 1984

*Hamblett & Kerrigan P.A.*, of Nashua (*Ernest A. Jette* and *Ellen E. Saturley* on the brief, and *Mr. Jette* orally), for the plaintiff.

*Gall, Shapiro & Groff*, of Nashua, and *Devine, Millimet, Stahl & Branch P.A.*, of Manchester (*George R. Moore* on the brief and orally), for the defendant.

DOUGLAS, J. In this malicious prosecution action, the jury returned a verdict for the plaintiff and the Trial Court (*Contas*, J.) ordered a remittitur. The defendant appeals and the plaintiff cross-appeals. We affirm.

The plaintiff was a tenant in the defendant's Royal Crest apartment complex in Nashua during 1974, when he was evicted by court order for non-payment of rent. Following this eviction, the plaintiff returned to the apartment complex on several occasions to visit fellow tenants and to use the clubhouse. According to some testimony, Joseph Regan, the defendant's security officer, informed the plaintiff several times that he was not allowed in the clubhouse unless accompanied by another tenant.

On February 11, 1975, Mr. Regan observed the plaintiff walking with another tenant along a path in the Royal Crest complex and ordered the plaintiff to leave the property, and the plaintiff did so. Mr. Regan then called the Nashua Police Department and asked them to arrest the plaintiff for trespassing on private property in violation of a court order. The Nashua Police Department picked up the plaintiff on a public street, brought him to the police station, and placed him in a cell. Mr. Regan subsequently initiated a criminal complaint for trespass in which he stated that the plaintiff knowingly trespassed on the defendant's property in violation of a court order. The court order to which Mr. Regan referred was the 1974 eviction order.

The plaintiff appeared in the Nashua District Court (*Pantelas,* J.) to answer the complaint, which was placed on file without a finding. The plaintiff then appealed to the superior court. On July 30, 1975, the plaintiff moved to dismiss the criminal charge with prejudice for lack of prosecution. This motion was granted by the Superior Court (*Loughlin,* J.) after the State indicated that it did not wish to be heard on the matter.

The plaintiff then instituted this action for malicious prosecution. After trial, the jury returned a verdict for the plaintiff in the amount of $60,000 and the trial judge ordered a remittitur of $15,750. The defendant appeals, claiming several errors by the trial court. The plaintiff cross-appeals, claiming error in the remittitur.

The defendant first argues that the trial court committed a number of minor errors which, when combined, unduly prejudiced and inflamed the jury. For the reasons set forth below, we find that the trial court did not commit any errors.

The defendant argues that the trial court committed reversible error when it improperly instructed the jury on the element of malice. Specifically, the defendant contends that the trial court erred by failing to rule on the defendant's motion for a ruling that damages may be awarded only if actual malice is shown. This argument is without merit.

█ The defendant failed to object to the trial court's instructions to the jury on malice, and thus, the instructions are "deemed correct." *Higgins v. Carroll,* 86 N.H. 312, 315, 167 A. 270, 272 (1933); *see Bouthiette v. Wiggin,* 122 N.H. 774, 777, 451 A.2d 368, 370 (1982).

The defendant contends that the trial court's jury instruction concerning the 1974 eviction order was in error because it misled the jury as to the relationship between the eviction order and the reference to the eviction order in the criminal complaint. The complaint provided:

"that the defendant did knowingly enter the private property of Royal Crest Estates, situated on the South Daniel Webster Highway, Nashua, New Hampshire, knowing that he the said Robert Johnston was not licensed or priviledged [sic] to do so by virtue of a court order issued throught [sic] the Nashua District Court by the Honorable Justice Panatelas [sic], said order having been enacted on the 24th day of September 1974."

The trial court instructed the jury "that the court order issued by the Nashua District Court by Judge Pantelas on September 24, 1974, did not prohibit the plaintiff from entering the Royal Crest Estates as the guest of Katherine Grant." This instruction is clearly a correct statement of the law, and we fail to see how it misled the jury. An eviction order is merely "a summary proceeding to recover possession of real estate," *Lavoie v. Szumiez,* 115 N.H. 266, 267, 339 A.2d 28, 29 (1975) (quoting *Wilder v. Kneeland,* 94 N.H. 185, 186, 49 A.2d 506, 507 (1946)), and not a permanent injunction barring visitation.

The effect of this instruction was to negate the inference of probable cause that could otherwise have been drawn from the reference to the eviction order in the criminal complaint. The absence of probable cause is an essential element in the plaintiff's case-in-chief in an action for malicious prosecution. *See Hogan v. Robert H. Irwin Motors, Inc.,* 121 N.H. 737, 739, 433 A.2d 1322, 1324 (1981). The trial court's instruction correctly informed the jury that the eviction order could not be used to establish probable cause to arrest the defendant for a crime.

The defendant next contends that it was not notified in the prior criminal proceeding of the plaintiff's appeal to the superior court or of the county attorney's intention not to object to dismissal of the case, and therefore, that its right to due process under the Federal Constitution was violated. This argument is without merit. There was sufficient evidence at trial for a jury to find that the defendant was in fact notified of the posture of the criminal case. We also note that the defendant did not make an attempt to have the criminal proceedings reinstated.

The defendant also contends that the verdict was excessive, and the plaintiff has cross-appealed claiming that the remittitur of $15,750 was in error because the jury verdict of $60,000 was not excessive. It is the duty of the trial court "to correct or vacate what turns out to-be an unfair result." *Reid v. Spadone Mach. Co.,* 119

N.H. 457, 466, 404 A.2d 1094, 1100 (1979) (quoting *Wisutskie v. Malouin*, 88 N.H. 242, 245, 186 A. 769, 770 (1936)).

During trial, the judge permitted the plaintiff to present evidence showing that he was unable to perform a business contract due to the criminal proceeding. The court, however, refused to allow the plaintiff to present evidence concerning the extent of damages on this issue because they would be too speculative in the particular factual setting of this case. Following the jury's verdict, the judge expressed concern that the amount of the verdict may have been in part speculative, based on the contract allegations, and thus ordered the remittitur.

■ We find no error in the remittitur or in the verdict as amended. "Our standard of review of jury awards is limited; we will not set aside a verdict as excessive unless we conclude that no reasonable person could have made such an award." *Hogan v. Robert H. Irwin Motors, Inc.*, 121 N.H. 737, 742, 433 A.2d 1322, 1326 (1981); *see Rabe v. Carnaby*, 120 N.H. 809, 811, 423 A.2d 610, 612 (1980).

■ The jury heard testimony that the plaintiff was arrested on a public street and placed in a jail cell for several hours, and that the story of his arrest was carried by the local newspaper and radio. We are of the opinion that his evidence was sufficient to show that the plaintiff suffered emotional distress, embarrassment, humiliation, and damage to his reputation, in addition to pecuniary damages. Accordingly, we cannot say as a matter of law that no reasonable person could have arrived at this verdict as amended.

*Affirmed, unless plaintiff within 30 days moves for a new trial.*

All concurred.