Appell v. Hanover                    CV-97-060-M   06/08/98

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE


Leonard Appell,
        Plaintiff

        v.                                        Civil No. 97-60-M

Town of Hanover, New Hampshire,
        Defendant


## O R D E R


Plaintiff pro se, Leonard Appell, brought a civil rights action against the Town of Hanover, and other defendants, seeking damages arising from his arrest and prosecution on charges of criminal trespass.  The sole claim remaining in the case is one asserting municipal liability under the Fourth Amendment arising from Appell's prosecution.  Plaintiff alleges that town policies permitted police officers without legal training to prosecute misdemeanor cases after they had participated in the arrest, and allowed private parties to subsidize and influence criminal prosecutions.  Hanover moved for summary judgment, and plaintiff has now filed his objection.  For the reasons that follow, judgment is granted in favor of Hanover.


## Standard of Review

Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party

is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party first must show the absence of a genuine issue of material fact for trial. _Anderson v. Liberty Lobby, Inc._, 477 U.S. 242, 256 (1986). If that burden is met, the opposing party can avoid summary judgment on issues that it must prove at trial only by providing properly supported evidence of disputed material facts that would require trial. _Celotex Corp. v. Catrett_, 477 U.S. 317, 322 (1986). The court interprets the record in the light most favorable to the nonmoving party and resolves all inferences in its favor. _Saenger Organization v. Nationwide Ins. Assoc._, 119 F.3d 55, 57 (1st Cir. 1997). Summary judgment will be granted if the record shows no trialworthy factual issue and if the moving party is entitled to judgment as a matter of law. _EEOC v. Green_, 76 F.3d 19, 23 (1st Cir. 1996).

## Background

Summary judgment depends upon the factual record submitted by the parties, in particular, the parties' properly supported statements of material facts. Plaintiff failed to file a factual statement as required by our local rules. _See_ L.R. 7.2(b)(2). A factual summary is provided for background purposes.

Plaintiff was arrested by Hanover police officer Nicholas Giaccone on August 18, 1993, for criminal trespass when he attempted to inspect certain property for his brother. The property, located in Hanover, was involved in a foreclosure action by Fleet Bank or Fleet subsidiaries. Plaintiff was

2

prosecuted on a misdemeanor charge by a police prosecutor, Christopher O'Connor, and was acquitted of all charges in June 1994. Plaintiff alleges that town policies allowed Fleet Bank to improperly influence the prosecution and authorized police officers without adequate training and with conflicts of interest to prosecute criminal cases.

## **Discussion**

Hanover contends that Appell cannot show that any municipal policy, practice, or custom caused any violation of his constitutional rights during his prosecution, as required to establish municipal liability under 42 U.S.C.A. § 1983. See Silva v. Worden, 130 F.3d 26, 30 (1st Cir. 1997); Swain v. Spinney, 117 F.3d 1, 10 (1st Cir. 1997). As the court explained in its previous order, to the extent plaintiff's "malicious prosecution" civil rights claim against Hanover is viable, it is necessarily premised on a violation of the Fourth Amendment. Under a Fourth Amendment theory, Hanover would be liable only if the town's policies, practices, or customs caused plaintiff to be prosecuted for an unlawful reason and, as a result, plaintiff's personal freedom was restricted, thereby constituting an unreasonable "seizure" within the meaning of the Fourth Amendment. See, e.g., Murphy v. Lynn, 118 F.3d 938 (2d Cir. 1997), cert. denied, 118 S.Ct. 1051 (1998); Whiting v. Traylor, 85 F.3d 581 (1996); Smart v. Board of Trustees of Univ. of Ill., 34 F.3d 432 (7th Cir. 1994); Mace v. City of Akron, 989 F. Supp.

3

949 (N.D. Ohio 1998); Willner v. Town of North Hempstead, 977 F. Supp. 182 (E.D.N.Y. 1997). Assuming that the First Circuit would also recognize a section 1983 claim on a malicious prosecution theory under the Fourth Amendment, plaintiff must prove that "the defendant's conduct was tortious; and . . . the plaintiff's injuries were caused by the deprivation of liberty guaranteed by the Fourth Amendment." Singer v. Fulton County Sheriff, 63 F.3d 110, 116 (2d Cir. 1995).

To prove the tort of malicious prosecution under New Hampshire's common law, plaintiff must show "that the defendant was instrumental in initiating the criminal charges; that the plaintiff was acquitted or otherwise successful on the merits; that the defendant acted with malice, that is, with a purpose other than bringing a suspected offender to justice; and that the defendant lacked probable cause to believe that the plaintiff had committed acts constituting a crime." McGranahan v. Dahar, 119 N.H. 758, 769 (1979); see also ERG v. Barnes, 137 N.H. 186, 190 (1993). Lack of probable cause is an essential element of a malicious prosecution claim. Johnston v. Flatley Realty Investors, 125 N.H. 133, 136 (1984).

Appell has neither alleged nor pointed to evidence in the record tending to show that he was prosecuted without probable cause. That Appell was eventually acquitted does not establish that probable cause to prosecute him for criminal trespass was lacking. "The law does not, and should not, allow recovery in tort by all persons accused of crimes and not convicted. There

4

is no guarantee in our society that only guilty persons will be accused and arrested." McGranahan, 119 N.H. at 769 (citing Baker v. McCollan, 99 S. Ct. 2689, 2695 (1979)).

Appell has also not pointed to any evidence in the record that would tend to support his allegations that Officer O'Connor prosecuted him with malice, that is with some other purpose than to bring him to justice. Appell also contends that his prosecution was improperly subsidized and influenced by Fleet since Fleet, apparently, provided a copy of a trial transcript that was used during Appell's prosecution. Appell has not explained how, or shown that it would be improper for a complaining witness to provide evidence relevant to a criminal prosecution. Thus, whether or not Fleet Bank provided copies of official transcripts of legal proceedings for use in Appell's prosecution, and whether or not Hanover had or did not have a policy that allowed the town prosecutor to use transcripts provided by a complainant, does not show that the prosecution was brought or was continued due to improper influences by Fleet. Aggrieved citizens are entitled to register their complaints with police and provide what information they think might be relevant.

The undisputed record evidence refutes Appell's unsupported allegations that his prosecution was improperly conducted by an untrained police prosecutor with a conflict of interest after having participated in his arrest. Hanover has demonstrated that its police prosecutor, Christopher O'Connor, was well-trained for his position. Appell has offered no evidence to support his

5

accusations of conflict of interest, nor has he pointed to any legal authority to suggest that a police prosecutor's participation in an arrest would later disqualify him from performing prosecutorial duties in that same case. Cf., e.g., Marshall v. Jerrico, 446 U.S. 238, 250-51 (1980) (declining to define possible limits on interests of one who performs prosecutorial function); Withrow v. Larkin, 421 U.S. 35, 47-55 (1975) (finding no due process violation in board's adjudication of same charges it had investigated and decided to prosecute); In re Murchison, 349 U.S. 133, (1955) (finding due process prohibition against same judge accusing and adjudicating contempt charges).

As Appell has not shown on the summary judgment record presented here either that he was prosecuted without probable cause or that his prosecution could be found to have been motived by malice, he cannot prove the underlying elements of a malicious prosecution claim. Thus, Appell cannot prove the first element of his claim under section 1983 that his prosecution violated his Fourth Amendment rights.

In addition, Appell has not demonstrated, on the record presented for summary judgment, that even if he were a victim of malicious prosecution, he also suffered a violation of his Fourth Amendment rights as a result of the prosecution. He has neither alleged nor offered any evidence of an unreasonable restraint on his personal freedom during the pendency of the allegedly unlawful prosecution within the time actionable under the

6

applicable statute of limitations.  When a claimant cannot show an underlying violation of his rights, the town's policies or practices cannot be the moving force behind a constitutional injury, as required to prove a municipal liability claim under section 1983.  See Hayden v. Grayson, 134 F.3d 449, 455-56 (1st Cir. 1998), petition for cert. filed,  66 U.S.L.W. 3734 (U.S. Apr 22, 1998)(No. 97-1781).  Accordingly, Hanover is entitled to judgment in its favor on Appell's Fourth Amendment claim based on allegations of malicious prosecution.

## Conclusion

For the foregoing reasons, defendant's (Town of Hanover) motion for summary judgment (document no. 22) is granted.  The clerk of court is directed to enter judgment and close the case.


**SO ORDERED.**


_____
Steven J. McAuliffe
United States District Judge

June 8, 1998

cc:  Leonard Appell
     Charles P. Bauer, Esq.