Concord District Court
No. 98-345

MICHAEL HAVINGTON

v.

SHARON GLOVER

December 31, 1998

*McGrath Law Firm, P.A.*, of Concord (*Peter G. McGrath* on the brief), for the plaintiff.

*Peter Marsh*, of Concord, by brief, for the defendant.

## MEMORANDUM OPINION

PER CURIAM. The defendant, Sharon Glover, appeals a decision of the Concord District Court (*Robbins*, J.) that the plaintiff, Michael Havington, is entitled to a writ of possession. We reverse.

In February 1998, the defendant rented an apartment from the plaintiff for the period of February 1 through April 1, 1998. The rental agreement specifically provided that in case of default in the payment of rent or breach of any condition or agreement, the landlord shall be required to give the tenant only seven days' notice to quit the occupation of the premises. On April 2, 1998, after the rental agreement had expired, the plaintiff served the defendant with a notice to quit the premises. The district court treated the notice to quit as giving the defendant seven days' notice, and for purposes of this appeal, we shall do likewise. It is undisputed that the notice to quit did not give the defendant thirty days' notice.

The defendant moved to dismiss the resulting eviction action on the ground that the notice to quit did not comply with RSA 540:3, II (1997). The district court denied the motion and entered judgment for the plaintiff. The defendant appeals.

The defendant argues that she was entitled to thirty days' notice pursuant to RSA 540:3, II. RSA 540:3 governs notices to quit, and paragraph II provides:

> For all residential tenancies, 30 days' notice shall be sufficient in all cases; provided, however, that 7 days' notice shall be sufficient if the reason for the termination is as set forth in RSA 540:2, II(a), (b), or (d).

The reason for the termination in this case was not set forth in RSA 540:2, II(a), (b), or (d). Thus, the statute provides that thirty days' notice "shall be sufficient." The plaintiff argues that thirty days is not a mandatory minimum notice period. He argues that RSA 540:3, II was intended only as a default mechanism for situations in which no notice agreement exists between the landlord and tenant. Relying upon *Currier v. Perley*, 24 N.H. 219, 226 (1851), the plaintiff argues in his brief that the legal principle "that a tenant may *waive her statutory right to a 30-day notice to quit*, where there is an agreement as to a period of sufficient notice, has been in effect for almost a century and a half without interfering with the protective intent of the statute." (Emphasis added.)

In *Currier*, we examined the predecessor of RSA 540:3, II, which provided:

If any tenant or occupant neglects or refuses to pay the rent due and in arrear, upon demand, seven days' notice shall be sufficient. If the rent is payable more frequently than once in three months, whether such rent is due or not due, thirty days' notice shall be sufficient, and three months' notice shall be sufficient in all cases.

RS 209:2 (1842). This statute shortened the notice period that had been required under the common law for most periodic tenancies, thereby making "sufficient" notices that would not have been so under the common law. *See Currier*, 24 N.H. at 224. As we stated in *Currier*, the statute "directs the length of notice required." *Id.* at 228. We also noted, however, that under the common law, "[b]y agreement of the parties the length of time required for the notice may be varied." *Id.* at 226. The plaintiff argues that this aspect of the common law survived the enactment of RS 209:2 and its successor, RSA 540:3, II. Therefore, the plaintiff concludes, the defendant could "waive her statutory right to a 30-day notice to quit."

In 1985, the legislature enacted RSA 540:28 (1997), which states:

No lease or rental agreement, oral or written, shall contain any provision by which a tenant waives any of his rights under this chapter, and any such waiver shall be null and void.

We will assume, as the plaintiff argues, that prior to the enactment of this statute, a tenant had a "statutory right to a 30-day notice to quit" which the tenant could "waive . . . where there [was] an agreement as to a period of sufficient notice." The plain language of RSA 540:28, however, makes such a waiver null and void. The plaintiff argues that legislative history would reveal that when this section was enacted, the legislature did not intend it to apply to waivers of the right here at issue. We need not determine whether the legislative history cited by the plaintiff supports the interpretation for which he argues, however, because "we do not look to legislative history to modify the meaning of a statute that is plain on its face." *State Employees' Assoc. v. State*, 127 N.H. 565, 568, 503 A.2d 829, 832 (1986). Because application of the plain meaning of the statute does not lead to an absurd result, *see Atwood v. Owens*, 142 N.H. 396, 398, 702 A.2d 333, 335 (1997), we construe it according to the common and approved usage of its language, *see* RSA 21:2 (1988).

294

■ We conclude that the defendant's waiver of her right to thirty days' notice is null and void. RSA 540:28. The notice to quit did not comply with RSA 540:3, II. For the plaintiff to prevail in the underlying possessory action, strict compliance with the provisions of RSA chapter 540 was required. *See Lavoie v. Szumiez*, 115 N.H. 266, 267, 339 A.2d 28, 29 (1975). Because the plaintiff did not comply with RSA 540:3, II, the district court erred by ruling in his favor.

*Reversed.*

All concurred.