Concord District Court
No. 2010-765

PHYLLIS BUATTI

v.

ALICIA PRENTICE

Submitted: May 19, 2011
Opinion Issued: June 30, 2011

Phyllis Buatti, by brief, *pro se.*

Alicia Prentice, by brief, *pro se.*

LYNN, J. The defendant, Alicia Prentice (tenant), appeals from a judgment entered by the Concord District Court (*DeVries,* J.) in favor of the plaintiff, Phyllis Buatti (landlord), ruling that the landlord is entitled to a writ of possession. We reverse.

The tenant rents an apartment in Pittsfield from the landlord. On September 7, 2010, the tenant was served with a demand for rent alleging that the rent was in arrears in the amount of $1,520.00 for the period from July 18, 2010, to September 11, 2010. On September 12, 2010, the tenant was served with a "notice to quit" requiring her to deliver up the premises to the landlord "unless the total rent and $15.00 ($615.00), pursuant to RSA 540[:]9, is received in accordance with the demand for rent served simultaneously upon you." Thereafter, the landlord sought a writ of possession in the district court. Following a hearing, the district court issued an order stating:

> The Court finds that the Tenant is not current on her rent although the exact amount of arrearage is unclear. Both parties were unable to establish a specific amount due although a finding is entered that rent has not been paid as required [and] that landlord is entitled to possession of the property.

Thereafter, the tenant appeared.

The tenant has not provided us with a transcript of the hearing held below. In the absence of a transcript of the trial in the district court, we assume that the evidence was sufficient to support the result reached by the district court. *See Bean v. Red Oak Prop. Mgmt.,* 151 N.H. 248, 250 (2004). Accordingly, we will review the district court's decision for errors of law only. *See Atwood v. Owens,* 142 N.H. 396, 396-97 (1997).

The tenant challenges the demand for rent, stating that it sets forth an "outrageous amount[] owed, that didn't add up." She contends that the demand exceeds the amount of back rent actually owed — indeed, she argues that she did not owe any back rent at all. The trial court found that the tenant is not current on her rent, but further found that it was unable to determine the amount owed. The court ruled that both parties were unable to establish the specific amount due. In the absence of a transcript, we assume that the evidence supports the trial court's finding that the

tenant is not current on her rent. We conclude, however, that the court's finding that the landlord failed to prove the amount of the arrearage requires reversal in this case.

■ ■ The landlord's eviction action is governed by RSA chapter 540. Because that chapter establishes rights and benefits that a landlord did not enjoy at common law, strict compliance with its terms is required. *So. Willow Properties v. Burlington Coat Factory of N.H.*, 159 N.H. 494, 498 (2009); *Lavoie v. Szumiez*, 115 N.H. 266, 267 (1975). RSA 540:2, II(a) (2007) authorizes the landlord to terminate a tenancy by giving the tenant a notice in writing to quit the premises for "[n]eglect or refusal to pay rent due and in arrears, upon demand." "Such demand may be made when the rent is due or while it is in arrears, but the lessor shall not demand a greater sum than the whole rent in arrears when demand is made." RSA 540:8 (2007).

■ Here, the September 7, 2010 demand for rent provided to us on appeal alleges that the arrearage was $1,520. The September 12, 2010 notice to quit provided to us indicates that total rent due was $600. The burden of proving strict compliance with RSA chapter 540 lay with the landlord. Part of that burden was proving compliance with RSA 540:8; *i.e.*, proving that the landlord did not demand a greater sum than the whole rent in arrears when demand was made. Here, the trial court specifically found that neither party was able to prove the amount of the arrearage — the trial court found simply that an unspecified amount of rent had not been paid as required. As it follows that the landlord failed to prove that she did not demand a greater sum than the whole rent in arrears when demand was made, the trial court erred by awarding judgment to the landlord.

■ The same result would have been reached under the common law. In *Nowell v. Wentworth*, 58 N.H. 319 (1878), we considered the sufficiency of a demand for rent, and concluded:

> The demand was not sufficient because it was for a greater sum than was due.
>
> The common law on the subject of tenancies has been adopted in this state, except as it has been modified by statute. Under it, the demand must be of the precise amount of rent due; and this requirement has not been modified or changed by the statute.

*Nowell*, 58 N.H. at 319 (citations omitted). After *Nowell* was decided, the legislature adopted the requirement in what is now RSA 540:8 that the demand not exceed the amount due; the legislature neither required that the demand be of the precise amount of rent due, nor prohibited a demand for less than the amount due. *See* Laws 1905, 57:1. Thus, while the

legislature has modified the common law requirement that the demand be of the precise amount of rent due, it remains the law that the demand must not be for a greater sum than was due.

■ "A tenant possesses a right to a demand for payment of rent and to a reasonable opportunity to pay . . . ." 49 AM. JUR. 2d *Landlord and Tenant* § 246 (2006). RSA chapter 540 furthers this purpose of a demand for rent by requiring that when an eviction notice is based upon nonpayment of rent, after demand, the notice shall inform the tenant of his or her right to avoid the eviction by payment of the arrearages plus $15.00 as liquidated damages prior to the expiration of the notice. *See* RSA 540:3, IV (2007); RSA 540:9 (2007). If the demand exceeds the actual arrearage, then the tenant is deprived, at least in part, of his or her right to avoid the eviction by paying the actual arrearages due. In this case, because the landlord failed at the hearing to prove the amount of the actual arrearages due, the only remedy available that will "cure" this deprivation is to deny the landlord's petition for a writ of possession.

■ We note that if the trial court is able to determine by a preponderance of the evidence that some amount certain was due, even if other amounts claimed are not proven, it should so find. If that amount equals or exceeds the amount demanded, then the landlord will have demonstrated compliance with RSA 540:8. If the amount proven to have been due was less than the demand, however, then the issue may arise as to what remedies, if any, other than denial of the writ of possession, are available to the trial court. A range of other remedies might be available. For example, it may be that the trial court has discretion, in an appropriate case, to order that unless the tenant pays to the landlord or into court within a specified time the amount that the landlord was able to prove, a writ of possession will be issued. *Cf.* RSA 540:9. Such a remedy would arguably restore to the tenant his or her right to a reasonable opportunity to avoid the eviction by paying the proved arrearages due while protecting a landlord who may have in good faith served a demand that exceeded the arrearage that the landlord was able to prove. Under the circumstances of this case, however, where there is no finding as to the actual arrearage that was due, we need not decide this question. Here, we conclude that the proper remedy is reversal.

Finally, we emphasize that it is within the power of the legislature to determine the proper remedy for a landlord's failure to prove compliance with RSA 540:8, should it wish to do so, by enactment of appropriate legislation.

*Reversed.*

DALIANIS, C.J., and DUGGAN, HICKS and CONBOY, JJ., concurred.