# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2019-0596, <u>Taras W. Kucman & a. v. Katherine Matos & a.</u>, the court on September 4, 2020, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The defendants, Katherine Matos and Christopher Shea (tenants), appeal a decision of the Circuit Court (<u>Alfano</u>, J.), following a hearing, granting a writ of possession and judgment in the amount of $1,500 plus costs to the plaintiffs, Taras W. Kucman and Marta M. Kucman (landlords), in their possessory action for nonpayment of rent. <u>See</u> RSA 540:2-:5, :7-:9, :12-:13 (2007 & Supp. 2019). The tenants argue that the trial court erred by: (1) finding that the landlords carried their burden to prove that their demand for rent did not exceed the total sum due at the time they made the demand; (2) not finding that the landlords deprived them of their right under RSA 540:9 to avoid the eviction by paying the arrearage due plus liquidated damages of $15; and (3) not dismissing the case under the doctrine of res judicata due to the dismissal of a prior possessory action brought by the landlords.[1]

Because RSA chapter 540 establishes rights and benefits that a landlord did not enjoy at common law, strict compliance with its terms is required. <u>Buatti v. Prentice</u>, 162 N.H. 228, 230 (2011). Pursuant to RSA 540:2, II(a), a landlord of residential property may terminate a tenancy based upon the tenant's "[n]eglect or refusal to pay rent due and in arrears, upon demand." Under RSA 540:8, a demand for rent "may be made when the rent is due or while it is in arrears, but the [landlord] shall not demand a greater sum than the whole rent in arrears when demand is made."

In <u>Buatti</u>, we held that if a landlord in a possessory action for nonpayment of rent fails to prove that the landlord did not demand a sum greater than "the whole rent in arrears when demand was made," the landlord

---

[1] In addition to these arguments, the tenants argue that the trial court engaged in "plain error" by not dismissing the case on grounds that the demand for rent exceeded the rent due and that the case was precluded by the prior dismissal. The plain error rule allows us to correct an error that was not raised in the trial court. <u>See</u> <u>State v. Drown</u>, 170 N.H. 788, 792 (2018). Because the tenants' plain error argument merely repeats their other claims of error, and because the tenants raised those claims of error in the trial court, we need not address their plain error argument as an independent argument.

is not entitled judgment.  Buatti, 162 N.H. at 230.  We observed that a demand exceeding the actual arrearage then owed by the tenant effectively deprives the tenant, at least in part, of the right under RSA 540:9 to avoid the eviction by paying the actual arrearages due plus liquidated damages.  Id. at 231.  We further observed that, if the trial court finds, by a preponderance of the evidence, that the tenant owed an amount certain that was less than the amount demanded, there might be remedies, short of denying the eviction, that the trial court would have discretion to order.  See id.  For instance, we noted that the trial court might have discretion to order that, unless the tenant pays the landlord or into court the amount that the landlord was able to prove within a specified period of time, a writ of possession would issue.  Id.

We will not disturb the trial court's factual findings unless they lack evidentiary support or are erroneous as a matter of law.  Colonial Village v. Pelkey, 157 N.H. 91, 92 (2008).  We assume that the trial court made all findings necessary to support its decision.  Nordic Inn Condo. Owners' Assoc. v. Ventullo, 151 N.H. 571, 586 (2004).

In this case, the parties entered into a written lease agreement containing the following relevant language concerning rent:

> Tenants shall pay Landlords rent in the amount of Nine Hundred Fifty Dollars ($950.00) per month on or before the first of each month, beginning on February 1st, 2019.  Time being of the essence, if rent is paid on or before the first of the month, the rent will be discounted to $935.00.  Rent received after the 7th of the month will be $975.00 with a $25.00 late fee. . . .

We note that Taras Kucman testified that, under the lease, a $25 late charge applied to any rent received "after the 14th of the month."  We further note that in the copy of the lease appended to the landlord's brief, the term "7th" in the third sentence of the above-quoted rent provision is crossed out, and "14th" is handwritten in its place.  Accordingly, we will assume, for purposes of this appeal, that the rent provision was amended so as to provide that "rent received after the 14th of the month will be $975 with a $25.00 late fee."

The record establishes that the tenants made the following payments toward their rent obligation: (1) $950 by check dated February 7, 2019; (2) $900 by check dated March 11, 2019; (3) $475 by check dated April 18, 2019; (4) $475 by check dated May 2, 2019; (5) $475 by check dated May 16, 2019; (6) $475 by check dated May 30, 2019; (7) $237.50 by check dated August 8, 2019; (8) $95.95 by check dated August 9, 2019; (9) $475 by check dated August 24, 2019; and (10) $475 by check dated September 7, 2019.  Accordingly, the record unequivocally establishes that at no point after March 1, 2019 were the tenants current with their rent obligation.

2

On July 1, 2019, the landlords served a demand for rent upon the tenants, claiming an amount due for the period from May 6, 2019 to June 6, 2019. The landlords filed a possessory action for nonpayment of rent on the basis of that demand, and following a hearing on August 1, 2019, the Circuit Court (Spath, J.) dismissed the case on the basis that the July 1 demand for rent was for an amount that was greater than the amount owed at that time. The trial court specifically noted that the landlords' payment ledger recorded the March 11, 2019 rent check as $475, rather than the $900 that the tenants had paid. Thus, the trial court found that the landlords' calculation as to the tenants' arrearage was incorrect, and that it was "required to dismiss this action." But see Buatti, 162 N.H. at 231 (noting that alternative remedies may be available when the trial court can determine a sum certain arrearage by a preponderance of the evidence). Nevertheless, the trial court "remind[ed] the [tenants] that they are still obligated to pay their rent."

On August 9, 2019, the landlords served a new demand for rent in the amount of $3,000. The landlords subsequently filed the present possessory action, and at trial, they introduced a payment history ledger containing the correct amounts paid by the tenants, including the March 11, 2019 check in the amount of $900. The ledger asserted that the rent due for the months of April, May, June, July, and August 2019 was $975, and not $950, because at no point prior to the 14th day of any of those months did the tenants pay the amount of rent due. The landlords asserted that, per their calculations, they were owed a total of $1,742. The tenants did not dispute that they owed rent, but declined to assert how much they owed, stating only that the landlords had "a different view of" how much they owed because the landlords "believe[d] that [they were] owed late fees and eviction process, and [they are] explicitly forbidden for demanding late fees and eviction process. Our rights under [RSA 540:9] have been violated twice for the same cause." The tenants requested that the trial court dismiss the case on grounds that the demand for rent exceeded what they owed, and that the case was barred by res judicata based upon the prior dismissal order. The Trial Court (Alfano, J.) granted the landlords a writ of possession and judgment in the amount of $1,500 plus costs, see RSA 540:13, III, and this appeal followed.

On appeal, the tenants argue that, as of August 9, 2019, when the landlords served their demand for rent, the maximum arrearage that they could have owed was $2,900, and not the $3,000 that the landlords demanded. They arrive at this figure by multiplying the $950 monthly rent by seven months for a total of $6,650, and subtracting from that amount the $3,750 that they had paid between February and May 2019. Under the terms of the lease, however, rent received after the 14th day of any month "will be $975 with a $25.00 late fee." The evidence establishes that the tenants did not pay the rent then due on or before April 14, 2019, May 14, 2019, June 14, 2019, or July 14, 2019. Accordingly, the evidence supports the landlords' claim that the rent owed for each of those four months, not including the arrearages that had

accrued, was $975, and not $950. Under these circumstances, we conclude that the trial court reasonably could have found that the total amount owed by the tenants at the time that the landlords served their demand for rent on August 9 was $3,000, or $6,750 less the $3,750 that the tenants had paid.[2]

To the extent that the tenants are arguing that the additional $25 per month charged for April through July constituted "late fees," and that the landlords were not entitled to demand "late fees" in their demand for "rent," we note that they have not adequately developed a legal argument why a demand for rent under RSA 540:5-:8 cannot include fees expressly incorporated into a written lease agreement for delinquent rent payments. Accordingly, we decline to address the argument. See State v. Blackmer, 149 N.H. 47, 49 (2003). We note, however, that under the terms of this lease, "rent received after the 14th of the month" was specifically defined to be "$975 with a $25.00 late fee."

Because the record supports the trial court's implied finding that the tenants owed $3,000 on August 9, 2019, we reject their argument that the trial court was required to dismiss the case on the basis that the demand for rent exceeded the total sum due. Likewise, we reject their argument that the trial court erred by not finding that the landlords deprived them of their right under RSA 540:9 to avoid the eviction by paying the amount due plus liquidated damages of $15. See Buatti, 162 N.H. at 231 (observing that a demand for rent exceeding the amount due deprives the tenant, at least in part, of the right to avoid eviction by paying the actual arrearages due plus liquidated damages).

Finally, we reject the tenants' argument that res judicata barred this case. A dismissal of a possessory action on the basis that the demand for rent failed to comply with the statutory requirements is not a judgment on the merits and, thus, does not preclude the landlord from serving a new demand for rent and eviction notice. See Horton v. Clemens, 173 N.H. ___, ___ (decided August 11, 2020) (slip op. at 6) (discussing defects in an eviction notice); So. Willow Properties v. Burlington Coat Factory of N.H., 159 N.H. 494, 499 (2009) (holding that dismissal based on technical defect in notice to quit was not a "decision on the merits" and, thus, did not preclude second lawsuit). Here, the prior dismissal was based solely upon the landlords' error in demanding more

---

[2] The tenants do not claim that the August 9 demand for rent exceeded the amount due because they paid the landlords $333.45 by checks dated August 8 and August 9, 2019. On this record, we conclude that, regardless of the dates written on those checks, the trial court reasonably could have found that the landlords had not received those funds when they served the demand for rent on August 9.

rent than was due as a result of an accounting error.  Accordingly, the dismissal was not a judgment on the merits for purposes of res judicata.

<u>Affirmed</u>.

Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,
Clerk**
