# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2020-0405, <u>Victor Ganobi v. Heather Caswell</u>, the court on April 2, 2021, issued the following order:**

Having considered the defendant's brief and reply brief, the plaintiff's memorandum of law, and the record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). The defendant, Heather Caswell (tenant), appeals a judgment of the Circuit Court (<u>Kent</u>, R., approved by <u>Lyons</u>, J.) ordering the issuance of a writ of possession in favor of the plaintiff, Victor Ganobi (landlord). We vacate and remand.

On February 12, 2020, the landlord served the tenant with a demand for rent alleging that the tenant had failed to make rent payments for the rent periods of "partial December 2019," January 2020, and February 2020, in the total amount of $860. After a hearing in July 2020, the trial court ruled in favor of the landlord, finding: "The tenant admits she is behind on her rent $300[,] the landlord says the amount of the demand is more and that the tenant has never been current during their ownership." The tenant moved for reconsideration, arguing that her balance was zero when landlord took over the property, and referred to records from a previous court action. The trial court noted that it could take cognizance of prior court orders, and took the motion under advisement until those records could be obtained and examined. After examining the records of the prior eviction action, the court scheduled a further hearing. The landlord moved to cancel the hearing, alleging that the tenant's ledger, which had been previously submitted to the court, "only reflects charges and payments back to November 2019." The landlord alleged that he was not contending that there was a pending balance owed by the tenant at the time the landlord took over the property. The trial court held a telephonic hearing in August 2020, following which the trial court found that in late December 2019, the tenant had a $6.00 balance of unpaid rent, and concluded that its previous order would stand as written. This appeal followed.

On appeal, the tenant argues that the demand for rent erroneously included an amount for unpaid December rent. She also argues that the landlord created a new tenancy by accepting payment of arrears while the possessory action was pending without informing the tenant in writing of his intention to proceed with the eviction in spite of the acceptance of the payment.

Preliminarily, we note that the landlord in his memorandum of law states that "it is not entirely clear what exhibits are properly before this court." The

tenant has provided the court with an appendix pursuant to Supreme Court Rule 13 containing a number of documents, many of which contain date stamps from the circuit court. If the landlord believed that the appendix contains materials that should not be considered by this court, it was incumbent upon the landlord to move to strike those materials. Accordingly, we will consider the materials in the tenant's appendix.

Turning to the first issue on appeal, we note that the appendix contains a copy of an Agreement to Stay Writ of Possession dated July 3, 2019 entered into by RNC Realty, LLC and the tenant in Case No. 459-2019-LT-00395 (9th Cir. Ct. - Nashua Dist. Div.). The agreement provides that the total amount of money currently due the plaintiff under the rental agreement to be paid over the life of the agreement is $494. It further provides that the tenant shall continue to pay her current rent each month of $284, as well as monthly payments in the amount of $100 toward payment of the arrearage beginning on August 1, 2019, with a final payment of $94 due by December 10, 2019. The appendix also contains a notice to the tenant from New Hampshire Housing that her housing assistance payment would change as of November 1, 2019 so that her monthly contribution to her rent would increase to $377 while NHHFA's housing assistance payment would be $823.

Based upon these documents, the tenant was obliged to make the following payments:

For August 2019: Rent of $284, plus $100 on the arrearage.
For September 2019: Rent of $284, plus $100 on the arrearage.
For October 2019: Rent of $284, plus $100 on the arrearage.
For November 2019: Rent of $377, plus $100 on the arrearage.
For December 2019: Rent of $377, plus $94 on the arrearage.
For January 2020: Rent of $377.
For February 2020: Rent of $377.

As noted above, the landlord submitted its ledger of the tenant's account to the court, and relied upon it as evidence of the amount owed by the tenant. The ledger shows a balance of $0 prior to November 1, 2019. On November 1, 2019, a charge is listed for $477. This equals the amount set forth above as due for November — $377 being the tenant's monthly contribution to her rent and $100 being due on the arrearage under the July 3 agreement. The ledger also lists a charge on December 1, 2019, for $477. As the July 3 agreement demonstrates, however, the tenant was not obliged to pay $100 on her arrearage under the agreement for the month of December — rather, she was obliged to pay $94. Thus, while the ledger lists the tenant's December obligation as $477, she was actually obliged to pay only $471 ($377 monthly rent plus $94 on the arrearage). And, indeed, the ledger credits the tenant with four payments on December 20, 2019 of $377, $94, $100, and $377. Based upon the July 3 agreement and the

landlord's ledger, the actual amounts owed by the tenant were $377 for current rent and $100 on the arrearage for November, and $377 for current rent and $94 on the arrearage for December, all totaling $948. As noted, the ledger reveals that the tenant on December 20 made four payments that total $948. Thus, the landlord's own ledger and the July 3 agreement demonstrate that the tenant had paid in full all that she owed as of December 20. Accordingly, we conclude that the trial court's finding that the tenant had an unpaid balance of $6.00 in late December was clearly erroneous.[1]

The February 12 demand for rent states that the tenant owes $860 in back rent. This amount reflects the amount listed on the ledger, consisting of $6 that the ledger shows as being owed for December, a charge of $477 for January rent, and a charge for $377 for February rent. Even if we assume that the $477 charge for January rent is accurate, the charge of $6 for unpaid rent in December is not. Thus, the most that the tenant owed on February 12 was $854.

RSA 540:8 (2007) states that a demand for rent may be made when the rent is due or while it is in arrears, "but the lessor shall not demand a greater sum than the whole rent in arrears when demand is made." If the demand exceeds the amount of the actual arrearages due, then the landlord is not entitled to the immediate issuance of a writ of possession. See Buatti v. Prentice, 162 N.H. 228, 231 (2011). In this case, the demand for rent exceeded the rent in arrears.

In his memorandum of law, the landlord does not address the fact that his ledger lists rent for December as $477 despite the provision in the July 3 agreement providing for the "final payment due 12/10/19 of $94.00," and despite the fact that one of the issues raised in the tenant's brief is that the demand for rent erroneously included December 2019 rent. Rather, the landlord contends that because the tenant has not provided this court with a transcript of the hearings below, we should presume that the landlord introduced sufficient evidence to support the factual findings of the trial court. Here, the record before the court contains the landlord's own ledger setting forth the charges that make up the amount alleged to be due in the demand for rent. It is clear from the landlord's representations in his motion to cancel hearing, dated August 12, 2020, that the landlord was relying upon the ledger and that the ledger had been submitted to the court. In addition, the trial court specifically stated that it

---

[1] The landlord's ledger also lists rent due on January 1, 2020 of $477. Thereafter, the charge listed for rent for each month is $377. In light of the notice from New Hampshire Housing that the tenant's monthly share of rent beginning November 1, 2019, would be $377, and the fact that under the July 3 agreement, the final payment due for rent arrearages was in December, it seems likely that the rent listed for January should have been $377, not $477. We need not decide this issue given our ruling in this case, but we note it as it may be relevant to the trial court's determinations on remand.

examined the records of the prior eviction action against the tenant, and thus we assume the court had before it the July 3 agreement that states that only $94 would be due on the arrearage in December. We conclude that on this record, "judicial error is probable and may be assumed in the absence of any explanation for the result." State ex rel. Casinelli v. Bourgeois, 127 N.H. 754, 755 (1986) (memorandum opinion). There is no such explanation in this case.[2]

We turn now to the remedy in this case. In Buatti, we stated:

> [I]f the trial court is able to determine by a preponderance of the evidence that some amount certain was due, even if other amounts claimed are not proven, it should so find. . . . If the amount proven to have been due was less than the demand, however, then the issue may arise as to what remedies, if any, other than denial of the writ of possession, are available to the trial court. A range of other remedies might be available. For example, it may be that the trial court has discretion, in an appropriate case, to order that unless the tenant pays to the landlord or into court within a specified time the amount that the landlord was able to prove, a writ of possession will be issued. Cf. RSA 540:9. Such a remedy would arguably restore to the tenant his or her right to a reasonable opportunity to avoid the eviction by paying the proved arrearages due while protecting a landlord who may have in good faith served a demand that exceeded the arrearage that the landlord was able to prove. Under the circumstances of this case, however, where there is no finding as to the actual arrearage that was due, we need not decide this question.

Buatti, 162 N.H. at 231. In Buatti, the trial court found that the "exact amount of arrearage is unclear" — both parties "were unable to establish a specific amount due." Id. at 229. Under those circumstances, we concluded that the proper remedy was reversal. Here, however, it appears that the court should be able to determine on remand the exact amount of arrearage that was due, and thus may consider, in the first instance, what remedies, if any, other than denial of the writ of possession are available and would be appropriate. Accordingly, we

---

[2] With respect to the second issue on appeal, however, we agree with the landlord that the absence of a record is fatal to the appeal. Whether the landlord waived the right to evict the tenant by accepting payments during the pendency of the possessory action in this case presents a question of fact. See Colonial Village v. Pelkey, 157 N.H. 91, 93 (2008). The record before us on this question does not lead us to conclude that judicial error was probable, and we therefore assume that the evidence was sufficient to support the result reached by the trial court on this issue. See Buatti, 162 N.H. at 229.

vacate the judgment and remand for further proceedings consistent with this order.[3]

Vacated and remanded.

 MacDonald, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,<br>Clerk**

---

[3] We note that further proceedings in the circuit court are subject to the provisions of the Seventeenth Renewed And Amended Order Suspending In-Person Court Proceedings Related To New Hampshire Circuit Court And Restricting Public Access To Courthouses issued on March 11, 2021 (available at https://www.courts.state.nh.us/supreme/orders/3-11-21-CIRCUIT-Seventeenth-Renewed-Order-Suspending-In-person-Court-Proceedings-Relating-to-Circuit-Court.pdf).