**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2023-0204, <u>Petition to Invalidate Second Amendment of Trust of Geraldine L. Keith; Kyle Keith, Trustee v. Clayton Keith, Jr. - Geraldine L. Keith Rev. Trust, Petition for Equitable Relief and Writ of Possession</u>, the court on December 20, 2024, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, has considered the oral arguments of the parties, and has determined to resolve the case by way of this order. <u>See</u> <u>Sup. Ct. R.</u> 20(2). The plaintiff, Kyle Keith, is sole trustee of the Geraldine L. Keith Revocable Trust (the Trust), which owns a house where the defendant, Clayton Keith, lives. As trustee, Kyle sought equitable relief in the probate division of the Circuit Court to, among other things, remove Clayton for non-payment of rent, and order that Clayton repay rental income belonging to the Trust. The Trial Court (<u>Quigley</u>, J.) granted the trustee a conditional writ of possession, ordered Clayton to pay rent of $900 per month beginning March 1, 2023, and ordered Clayton to pay the Trust $4,221.75 that Clayton had collected from other tenants and kept for himself. Clayton appeals. We affirm in part and reverse in part.

I.    <u>Background</u>

The following facts were found by the trial court or are otherwise supported by the record. Clayton and Kyle are the two sons of Geraldine Keith. Geraldine raised them in a two-family house in Marlborough. Clayton continues to live in the house in a second-floor apartment. The first-floor apartment was rented to a third party.

In 1998, Geraldine executed the Trust. A 2013 amendment to the Trust provides that Clayton will receive the Marlborough house when Geraldine dies. Following that amendment, Geraldine transferred ownership of the Marlborough house to the Trust by warranty deed. Kyle became sole trustee of the Trust after issues regarding Geraldine's capacity arose. Thereafter, Kyle, as trustee, requested equitable relief from the probate division, including a writ of possession for Clayton's removal, and an order that Clayton repay rent collected from tenants of the first-floor apartment, which the Trust alleged Clayton had converted.

Following trial, the court issued a narrative order. Regarding the request for a writ of possession for Clayton's removal, the court found that "Clayton has refused and neglected to pay rent or contribute to expenses for the [Marlborough house] since 2008 despite repeated requests orally and in writing by Geraldine, Kyle, or their attorneys." The court ordered that Clayton begin paying $900 per month rent, and if Clayton did not timely pay his first three months of rent, the court would issue the Trust a writ of possession. Regarding the claim that Clayton wrongfully converted Trust funds for his own use and benefit, the court found that "on several occasions, Clayton collected the rent from the first floor tenants and would deposit only a portion of the rental fee in the Trust bank account," keeping the remainder "for his own use." Thus, "[b]ased on the information and evidence provided at the hearing and in the exhibits," the court ruled that Clayton "has been unjustly enriching himself by keeping rental payments owed to the Trust" and ordered that he pay the Trust $4,221.75. Clayton moved for reconsideration, which the circuit court denied. This appeal followed.

II.    Analysis

On appeal, Clayton argues that the circuit court erred by: (1) refusing to allow him to submit into evidence a 2017 lease between himself and Geraldine; (2) ordering the issuance of a writ of possession when the plaintiff did not follow the procedures for eviction in RSA chapter 540; (3) invoking its authority under RSA 547:3-*l* in ordering a writ of possession; and (4) entering judgment against him in the amount of $4,221.75 without giving him an opportunity to "put on his case."

Our standard of review of a probate division decision is determined by statute: "The findings of fact of the judge of probate are final unless they are so plainly erroneous that such findings could not be reasonably made." RSA 567-A:4 (2019). Consequently, we will not disturb the probate division's decree unless it is unsupported by the evidence or plainly erroneous as a matter of law. Hodges v. Johnson, 170 N.H. 470, 480 (2017).

The first three issues raised by Clayton relate to the removal action, over which he asserts the court lacked jurisdiction. Although acknowledging that such an action "[g]enerally . . . would be by a Landlord Tenant action filed under RSA 540," the court determined that Kyle's petition in equity was "within the ancillary jurisdiction of the probate court" under RSA 547:3-*l*. See RSA 547:3-*l* (2019) ("Ancillary matters are claims for . . . the recovery of money or property brought on behalf of [a] . . . trust . . . against a third party . . . including . . . entry or possessory actions."). We disagree with the trial court's rationale.

The issue of subject matter jurisdiction may be raised at any time in the proceedings because it cannot be conferred where it does not already exist.

2

Loik v. Loik, 175 N.H. 726, 728 (2023). The ultimate determination as to whether the probate division has jurisdiction in this case is a question of law subject to de novo review. See id.

The probate division is a court of limited subject matter jurisdiction. See In re Estate of O'Neill, 173 N.H. 787, 790 (2020). Its powers are limited to those conferred on it by statute. Id. Accordingly, determining the jurisdiction of the probate division requires us to engage in statutory interpretation. Id. We review the trial court's statutory interpretation de novo. St. Onge v. Oberten, LLC, 174 N.H. 393, 395 (2021). We first look to the language of the statute itself, and, if possible, construe that language according to its plain and ordinary meaning. Id. We give effect to every word of a statute whenever possible and will not consider what the legislature might have said or add language that the legislature did not see fit to include. Id. We also construe all parts of a statute together to effectuate its overall purpose. Id. However, we do not construe statutes in isolation; instead, we attempt to construe them in harmony with the overall statutory scheme. Id.

Pursuant to RSA 490-F:2, "[e]ach circuit court location shall have the authority to hear all cases within the subject matter jurisdiction of the circuit court." RSA 490-F:2 (Supp. 2023). The probate division in this case is a "circuit court location." See RSA 490-F:3, :4 (Supp. 2023). Landlord-tenant actions fall within the subject matter jurisdiction of the circuit court. See Colburn v. Saykaly, 173 N.H. 162, 166-67 (2020). This proceeding seeking a writ of possession constitutes a landlord-tenant action because a landlord, the Trust, is trying to evict a tenant, Clayton. As the owner of the Marlborough house, the Trust, through its sole trustee, Kyle, "rents or leases residential premises" to Clayton, a tenant. See RSA 540-A:1, I, II (2021). Clayton has not paid rent despite requests from Kyle. Moreover, our review of the parties' arguments reveals no genuine dispute as to whether a landlord-tenant relationship exists between the Trust and Clayton. Therefore, the circuit court here had subject matter jurisdiction over this landlord-tenant action.

The existence of jurisdiction, however, does not negate the requirement that the Trust comply with RSA chapter 540. RSA chapter 540 details the procedures a landlord must follow when evicting a tenant. See generally RSA ch. 540 (Supp. 2023). "Because RSA chapter 540 establishes rights and benefits which a landlord did not enjoy at common law, strict compliance with its terms is required." Horton v. Clemens, 173 N.H. 480, 483 (2020). The landlord carries the burden to prove strict compliance with RSA chapter 540. Buatti v. Prentice, 162 N.H. 228, 231 (2011). Here, we conclude that the Trust failed to strictly comply with RSA chapter 540.

Our conclusion finds further support in RSA 547:3-b. That statute provides, in relevant part, that the probate division "shall have the powers of a court of equity in all cases within its subject matter jurisdiction in which there

is not a plain, adequate, and complete remedy at law." RSA 547:3-b (2019) (emphasis added). The procedures under RSA chapter 540 constitute such a remedy at law. See generally RSA ch. 540. Therefore, the court lacked a basis to order an equitable remedy.

The probate division nonetheless determined that RSA 547:3-*l* provided an avenue to issue its conditional writ of possession. We disagree. RSA 547:3-*l* authorizes the probate division to assert jurisdiction over matters, including "possessory actions," ancillary to cases pending before it. See RSA 547:3-*l*. "[W]e do not construe statutes in isolation; instead, we attempt to construe them in harmony with the overall statutory scheme." St. Onge, 174 N.H. at 395. RSA chapter 540 details the procedures that a landlord must comply with to evict a tenant, and those procedures require strict compliance. Horton, 173 N.H. at 483; see generally RSA ch. 540. Even if RSA 547:3-*l* were to otherwise apply to this case, we decline to construe it as creating an exception to the procedural requirements set forth in RSA chapter 540 for landlord-tenant possessory actions. Accordingly, we reverse the probate division's decision to issue a conditional writ of possession.

Clayton next argues that the circuit court erred when it entered a money judgment against him in the amount of "$4,221.75 for rental fees [that he] collected from the first floor tenants and wrongly retained for his own benefit." He asserts that the judgment was erroneous because the court "did not give [him] any opportunity to present his case." We disagree.

The trial court has broad discretion in managing the proceedings before it. See Blevens v. Town of Bow, 146 N.H. 67, 72 (2001) (explaining that "[t]he manner and timing of the trial of all or part of the issues in an action is a question of justice and convenience within the discretion of the trial judge"). We review a trial court's rulings in this area under an unsustainable exercise of discretion standard. In the Matter of Conner & Conner, 156 N.H. 250, 252 (2007). Our review of the record demonstrates that Clayton was afforded an opportunity to state his case. Accordingly, we affirm the court's order that Clayton owes the Trust $4,221.75 and that Clayton must pay the Trust $900 per month in rent beginning March 1, 2023.

Affirmed in part and reversed in part.

MACDONALD, C.J., and BASSETT, DONOVAN, and COUNTWAY, JJ., concurred.

**Timothy A. Gudas,
Clerk**